UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ERIC LAWAN KNIGHT,                                              Plaintiff,

v.                                           Civil Action No. 3:18-cv-P590-DJH

LOUISVILLE METRO DEPARTMENT
OF CORRECTIONS *et al.*,                                  Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Eric Lawan Knight filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action upon screening.

### I.

Plaintiff, identifying himself as a convicted inmate at the Louisville Metro Department of Corrections (LMDC), sues LMDC; Mark Bolton, the Director of LMDC; and "LMDC Staff." Plaintiff sues Defendant Bolton in his individual and official capacities and sues Defendants LMDC and LMDC Staff in their official capacities.

Plaintiff states, "My rights as an inmate have been violated on a continuing basis according to the LMDC inmate handbook. Starting with access to court and counsel." He maintains, "I have been denied this by being told the law library has been shutdown since my incarceration and/or being told they called my name multiple times which is false!" He continues, "As I prepare for my case I am unable to access specific content that is important and valueable towards my case, well being, freedom, constitution and rights as a prisoner."

Plaintiff states that his rights under the inmate handbook were also violated when his incarceration at LMDC began on July 20, 2018. He states the following:

> Once I was placed in rear hold on the booking floor, I had to sleep on a raw, dirty, urine and fecis ordor metal bunk with no mat and or cover or sheets. I slept in these conditions for 6 days continuously and I throughout these 6 days repeatebly asked for a mattress, cover and or some type of protection against these filthy conditions; and I was denied with a statement saying we are "fresh out" which was also false due to later going to go get "chow" in the hallway I observed a pile of mattress's in a holding cell and a cart of bed rolls at the end of the hall.

Plaintiff also maintains that during this six-day period, he was not issued a hygiene kit. He states that "the rear hold dorm was filthy with trash, mold, food, dried liquids, urine & fecis on bathroom walls and showers inadequately opperable." Plaintiff asserts that he "was subjected to . . . staphyloces aureus and or any other disease associated with urine and fecis. I was punished and abused by not receiving a mat, or cover and a hygiene kit to keep clean." He further states, "Also the dorm was full of mold throughout in the showers, toilets, walls and floors and little variety of bugs they call 'zaboo bats' flying everywhere and continuously being in shower and near toilets, which is also subject to disease." Finally, he states, "Also for a long period of my incarceration the kitchen had no dish machine and I repeatably received tray with old food and mildew smells."

As relief, Plaintiff seeks compensatory and punitive damages; "expungement of records"; and "release from confinement."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

3

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### *Violations of LMDC inmate handbook*

Plaintiff alleges that Defendants violated multiple provisions of the LMDC inmate handbook. However, the failure of jail officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation). Therefore, Plaintiff's allegations that Defendants violated LMDC's own policies must be dismissed for failure to state a claim upon which relief may be granted.

### *Access to courts*

Plaintiff states that he has been denied access to a law library. He asserts that he has been unable to "access specific content that is important and valueable towards my case, well being, freedom, constitution and rights as a prisoner."

The Court construes the allegations as alleging that he was denied his right of access to the courts under the First Amendment. Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right, however, is not without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. at 351.

"'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted). Plaintiff does not allege any actual injury or prejudice to a pending legal action that he suffered.

Accordingly, Plaintiff's claim that he was denied access to the courts will be dismissed for failure to state a claim upon which relief may be granted.

*Conditions of confinement*

The Court also construes the complaint as alleging that Plaintiff's conditions of confinement violated the Eighth Amendment's Cruel and Unusual Punishments Clause. "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. at 9. An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

In order to state a claim under the Eighth Amendment, an inmate must allege actual harm, or at least a serious risk of harm, by the condition in question. *See, e.g.*, *Benjamin v. Fraser*, 343 F.3d 35, 51 n.17 (2d Cir. 2003) ("To establish the deprivation of a basic human need . . . an inmate must show 'actual or imminent harm.'") (quoting *Lewis v. Casey*, 518 U.S. at 350). Mere exposure to unsanitary conditions does not state a claim for damages unless the

5

harm actually occurs. *Brown v. Timmerman-Cooper*, No. 2:10-cv-283, 2013 U.S. Dist. LEXIS 14777, at *7 (S.D. Ohio Feb. 4, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 47960 (S.D. Ohio Apr. 2, 2013). Absent "'a severe or prolonged lack of sanitation constituting an infliction of pain within the meaning of the Eighth Amendment'" an inmate has no claim for damages based upon unsanitary living conditions. *Id*. (citation omitted). Further, Plaintiff may not recover damages for mental or emotional injury without a showing of physical injury. *See* 42 U.S.C. § 1997e(e); *Wilson v. Seiter*, 501 U.S. at 298 ("[A] claim of psychological injury does not reflect the deprivation of 'the minimal civilized measures of life's necessities,' that is the touchstone of a conditions-of-confinement case."); *Pryor v. Cox*, No. 97-3912, 1999 U.S. App. LEXIS 32518, at *3 (6th Cir. Dec. 13, 1999) (holding plaintiff's claim of being subjected to bad food, unsanitary conditions, and excessive heat without also claiming he had suffered any physical injury as a result of these conditions was meritless).

Moreover, the length of confinement is important in determining whether conditions of confinement meet constitutional standards. *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *Metcalf v. Veita*, No. 97–1691, 1998 U.S. App. LEXIS 18266, at *5 (6th Cir. Aug. 3, 1998) (holding that an eight-day denial of showers, trash removal, cleaning, and laundry did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment).

Plaintiff alleges that he was housed in unsanitary conditions for six days. Although the conditions alleged were unsanitary and unpleasant, Plaintiff does not allege that he suffered

6

a physical injury as a result of the conditions, and the short duration leads the Court to conclude that the conditions of confinement do not rise to the level of a constitutional violation.

Plaintiff also states that he received food trays "with old food and mildew smells." However, he does not allege that he suffered any physical injury as a result of the food trays or that the food trays were contaminated intentionally to punish inmates. Therefore, these allegations also fail to state a constitutional violation. *See David v. Camden Cty. Corr. Facility,* No. 16-7628(JBS-AMD), 2018 U.S. Dist. LEXIS 51194, at *13 (D.N.J. Mar. 27, 2018) ("[E]ven if Plaintiff's soiled food tray allegations are true, there was no prolonged deprivation of a constitutional magnitude that would suggest that the conditions were intended to punish plaintiff.")

Accordingly, Plaintiff's claims concerning the conditions of his confinement will be dismissed for failure to state a claim upon which relief may be granted.

Because the complaint fails to allege a constitutional violation, the Court will enter a separate Order of dismissal.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Jefferson County Attorney
4415.010